UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL EDWARD LOJEWSKI,

          Petitioner,          Case No. 1:22-cv-11829

v.                                        Honorable Thomas L. Ludington
                                             United States District Judge

GARY MINIARD,

          Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO CONDUCT DISCOVERY, TO EXPAND RECORD, AND TO HOLD EVIDENTIARY HEARING**

In October 2018, a jury in Monroe County, Michigan, found Petitioner Paul Edward Lojewski guilty of two counts of fourth-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520e, and one count of accosting a child for immoral purposes, MICH. COMP. LAWS § 750.145a. ECF No. 1 at PageID.1. He was sentenced as a fourth-offense habitual offender, MICH. COMP. LAWS § 769.12, to 58 to 180 months' imprisonment. *Id.*

In August 2022, while imprisoned at Central Michigan Correctional Facility in St. Louis, Michigan, Petitioner filed a habeas petition under 28 U.S.C. § 2254, making four arguments: (1) the verdict was against the great weight of the evidence; (2) the trial court violated his Sixth and Fourteenth Amendment rights, (3) trial counsel provided ineffective assistance of counsel, and (4) appellate counsel provided ineffective assistance of counsel.

At issue here, however, are Petitioner's motions to appoint counsel, ECF No. 3, and to conduct discovery, to expand the record, and to hold an evidentiary hearing, ECF No. 4. Both motions will be denied without prejudice because they are premature.

I.

Petitioner first seeks appointed counsel because he lacks knowledge of the law and the resources to litigate the "complex" issues in his habeas petition. ECF No. 3 at PageID.67–68.

A habeas petitioner has no constitutional right to counsel in a habeas proceeding. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). But a habeas petitioner may obtain representation at any stage of the case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the federal court. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986).

Respondent has not yet filed its answer or the state-court record. Those materials are due on February 22, 2023. ECF No. 7. Petitioner's motion to appoint counsel is therefore premature and will be denied without prejudice. If he so chooses, Petitioner may file a new motion to appoint counsel after Respondent files the Rule 5 Materials.

II.

Petitioner also seeks discovery and expansion of the record with respect to his claims of ineffective assistance of trial and appellate counsel. ECF No. 4 at PageID.71–73.

Federal habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But the court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, SECT 2254 Rule 6(a). Likewise, the court may require that the record be expanded to include additional materials relevant to the determination of the habeas petition. *See* 28 U.S.C. foll. § 2254, SECT 2254 Rule 7.

But, until Respondent files an answer and the state-court file, "it is impossible to evaluate"

the need for discovery. *See Shaw v. White*, No. 99-CV-75322-DT, 2007 WL 2752372, *3 (E.D. Mich. Sept. 21, 2007) (quoting *Gengler v. United States ex rel. Dep't of Def.*, 463 F. Supp. 2d 1085, 1114–15 (E.D. Cal. 2006)).

Because Petitioner's motion for discovery and expansion of the record is premature now, it will be denied without prejudice. If he so chooses, Petitioner may file a new motion for discovery and expansion of the record after the Rule 5 materials are filed.

### III.

Finally, Petitioner asserts he is entitled to an evidentiary hearing to address his claims of ineffective assistance of counsel because the state-court record is underdeveloped. ECF No. 4 at PageID.71–73.

A habeas petition warrants an evidentiary hearing only if it "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002); *see also Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003) ("AEDPA contains express limitations on a federal court's discretion to grant an evidentiary hearing."). To that end, federal courts "must consider" whether a hearing could enable the petitioner to prove "factual allegations" that would warrant federal habeas relief "if true." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). In sum, this Court must review the entire record to determine if an evidentiary hearing is appropriate.

But Respondent has yet to file the Rule 5 materials, without which this Court cannot determine whether an evidentiary hearing is necessary. Because Petitioner's hearing request is premature, it will be denied without prejudice. If he so chooses, Petitioner may file a new motion for an evidentiary hearing after the Rule 5 materials are filed.

- 4 -

## IV.

Accordingly, it is **ORDERED** that Petitioner's Motion for Appointment of Counsel, ECF No. 3, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner's Motion for Discovery, to Expand the Record, and to Hold an Evidentiary Hearing, ECF No. 4, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 5, 2022                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge