UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL EDWARD LOJEWSKI,

    Petitioner,                               Case No. 1:22-cv-11829

v.                                            Honorable Thomas L. Ludington
                                                    United States District Judge

GARY MINIARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO EXPAND RECORD, FOR EVIDENTIARY HEARING, AND FOR APPOINTED COUNSEL**

Paul Edward Lojewski finds himself imprisoned after a jury in Monroe County, Michigan, found him guilty of several criminal offenses, including two counts of fourth-degree criminal sexual conduct and one count of accosting a child for immoral purposes. Sentenced as a fourth-offense habitual offender to 58 to 180 months' imprisonment, Lojewski now seeks habeas relief under 28 U.S.C. § 2254, alleging among other things that the verdict was against the great weight of the evidence and that he received ineffective assistance from his trial and appellate counsel. Respondent insists otherwise and contends the petition should be dismissed.

Now before the court are Lojewski's motions to expand the record, to hold an evidentiary hearing, and to appoint counsel. All three request will be denied as explained hereafter.

I.

In October 2018, a jury in Monroe County, Michigan, found Petitioner Paul Edward Lojewski guilty of two counts of fourth-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520e, and one count of accosting a child for immoral purposes, MICH. COMP. LAWS §

750.145a. ECF No. 1 at PageID.1. He was sentenced as a fourth-offense habitual offender, MICH. COMP. LAWS § 769.12, to 58 to 180 months' imprisonment. *Id.*

In August 2022, while imprisoned at Central Michigan Correctional Facility in St. Louis, Michigan, Petitioner filed a habeas petition under 28 U.S.C. § 2254, making four arguments: (1) the verdict was against the great weight of the evidence; (2) the trial court violated his Sixth and Fourteenth Amendment rights, (3) trial counsel provided ineffective assistance of counsel, and (4) appellate counsel provided ineffective assistance of counsel. ECF No. 1. On February 22, 2023, Respondent filed the state-court record and an answer contending that Petitioner's claims lack merit, and the petition should be dismissed. ECF Nos. 10; 11.

Now before this Court are Petitioner's motions to expand the record and to hold an evidentiary hearing, ECF No. 12, and to appoint counsel, ECF No. 13. For the reasons discussed below, Petitioner's motions will be denied without prejudice.

## II.

Petitioner first asserts he is entitled to an evidentiary hearing to address his claims of ineffective assistance of counsel because the state-court record is underdeveloped. ECF No. 12. He requests an expansion of the record for the same reason. *Id.*

Under the Rules Governing § 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The court may require that the record be expanded to include additional relevant materials. Rule 7, 28 U.S.C. foll. § 2254. The court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254. Facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary

hearing is available under that rule only if the claim relies upon a new rule of constitutional law, or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. *Id.* § 2254(e)(2).

An evidentiary hearing is unnecessary. Petitioner has filed pleadings in support of his claims and Respondent has submitted the relevant state-court record. Moreover, federal habeas review under § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner is thus precluded from injecting information that was not presented to the state courts into this proceeding. He nevertheless has not identified any new law or facts that demonstrate that no reasonable fact finder could have found him guilty. *See generally* ECF No. 12.

True, he offers some conclusory statements to support his belief that there are "disputed issues of material fact that were not resolved in the state hearing," ECF No. 12 at PageID.1077, but he "does not explain" what any such disputes are or what facts underlie them as required, *Griffin v. Berghuis*, 298 F. Supp. 2d 663, 678 (E.D. Mich. 2004). Therefore, his request for an evidentiary hearing must be denied. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (holding that an evidentiary hearing may be held only if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing").

### III.

Petitioner next seeks appointment of counsel because (1) the issues in the habeas case are complex, (2) Petitioner's incarceration hampers his ability to litigate the case, (3) Petitioner has limited access to the law library, and (4) Petitioner has limited knowledge of the law and would

benefit from counsel. ECF No. 13.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). Prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

"Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). The appointment of counsel in a habeas case remains discretionary if no evidentiary hearing is necessary. *Id*. "Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action." *Id*. at 788. Thus counsel may be appointed in a habeas case if "a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim," *id*., such that the interests of justice or due process so require appointed counsel, *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam).

Appointment of counsel is not warranted here. Defendant argues he needs counsel to file continue litigating his habeas petition. *See* ECF No. 13. Yet Petitioner filed a well-reasoned petition for a writ of *habeas corpus* and a memorandum of law in support of it. *See generally* ECF No. 13 (acknowledging that he has asserted "a colorable claim for relief"). He, therefore, has demonstrated his means and ability to present his claims. Thus, the interests of justice do not require appointed counsel. So Petitioner's request for appointed counsel will be denied.

### IV.

Accordingly, it is **ORDERED** that the Motion to Expand the Record and to Hold

- 5 -

Evidentiary Hearing, ECF No. 12, is **DENIED**.

Further, it is **ORDERED** that the Motion for Appointed Counsel, ECF No. 13, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 1, 2023                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge